**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RAECEL MACKROLA**<br>153 W. 6th Avenue<br>Conshohocken, PA 19428<br>Plaintiff,<br><br>**v.**<br><br>**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY a/k/a d/b/a STATE FARM**<br>1 State Farm Plaza<br>Bloomington, IL 61710<br>*And*<br>**PHILIP SINGLETON**<br>674 Burnside St.<br>Apartment A<br>Orange, NJ 07050<br>Defendants. | **CIVIL ACTION NO.**<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

**COUNT I**
**PLAINTIFF VS. DEFENDANTS**
***Facts Common to All Counts***

1. Plaintiff, Raecel Mackrola, is a citizen and resident of the Commonwealth of Pennsylvania, residing therein at the above captioned address.

2. Defendant, State Farm Mutual Automobile Insurance Company a/k/a d/b/a State Farm (hereinafter "State Farm"), is a corporation organized and existing under and by virtue of the laws of the State of Illinois with a principal place of business therein at the above captioned address.

3. Defendant, Philip Singleton, is a citizen and resident of the State of New Jersey, residing therein at the above captioned address.

4. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars and there is diversity of citizenship between the plaintiff and defendants.

5. Venue in this Court is proper under 28 U.S.C. §1391 because the subject insurance contract is written within this district.

6. On or about December 24, 2024, at approximately 1:30 p.m., plaintiff, Raecel Mackrola, was the operator of a motor vehicle traveling on or near the Garden State Parkway at or near mile marker 150.7 in Bloomfield, New Jersey.

7. On or about December 24, 2024, at approximately 1:30 p.m., defendant, Philip Singleton, owned, operated, controlled, possessed and/or maintained a motor vehicle traveling on or near the Garden State Parkway at or near mile marker 150.7 in Bloomfield, New Jersey.

8. At the time and place as aforementioned, defendant, Philip Singleton, carelessly and negligently owned, operated, controlled, possessed and/or maintained said motor vehicle so as to strike the motor vehicle operated by plaintiff, Raecel Mackrola, as a result of which plaintiff sustained serious, painful and permanent personal injuries, more particularly hereinafter described.

9. Upon investigation and belief, defendant, Philip Singleton, was an uninsured operator of an uninsured motor vehicle, and thus "uninsured."

10. At the time and place aforesaid, plaintiff was insured with defendant, State Farm, under a policy for automobile insurance number 574 5919 C25 38A (hereinafter "policy").

11. At the time and place aforesaid, said policy issued by defendant, State Farm, was for no less than one (1) motor vehicle registered in Conshohocken, Pennsylvania.

12. Within the above identified policy of automobile insurance, defendant, State Farm, by the terms of which it contracted to pay first party benefits on account of injuries from a motor vehicle accident, including but not limited to Uninsured Motorist (hereinafter "UM") benefits, to plaintiff for injuries arising from a motor vehicle accident involving an uninsured motor vehicle and/or operator.

13. Defendant, State Farm's, policy provides not less than Fifty Thousand Dollars ($50,000.00) per person of "UM" benefits per vehicle insured under said policy.

14. Defendant, State Farm, said policy for automobile insurance was in full force and effect on December 24, 2024.

15. Additional yet to be identified policies issued by defendant under which plaintiff may be an insured on the date of this accident may have also been in full force and effect on December 24, 2024.

16. Additional uninsured motorist benefits may be available under the aforesaid policy with Defendant, State Farm.

17. The wrongful and negligent conduct of defendant, Philip Singleton, individually and/or by and through his agents, servants and/or employees consisted of, among other things, the following:

a. Failing to have said motor vehicle under adequate and proper control;

b. Failure to timely apply brakes to bring vehicle to a complete stop before impact;

c. Failure to exercise ordinary care to avoid a collision;

d. Failing to remain continually alert while operating a motor vehicle;

e. Driving too fast for conditions;

f. Operating motor vehicle in an "over-aggressive" manner;

g. Failing to appreciate traffic conditions;

h. Traveling too fast under the circumstances;

i. Operating said motor vehicle at a high and excessive rate of speed;

j. Failing to use due caution in driving said motor vehicle;

k. Failing to take due note of the point and position of other motor vehicles;

l. Failing to maintain an assured clear distance of other motor vehicles;

m. Failing to yield the right of way to other motor vehicles;

n. Failing to warn plaintiff;

o. Failing to yield the right of way;

p. Failing to stop said motor vehicle prior to striking another motor vehicle;

q. Striking the rear of plaintiff's vehicle;

r. Failing to maintain a proper lookout;

s. Operating said motor vehicle in an inattentive manner;

t. Operating a motor vehicle when contra-indicated by lack of sleep and/or other physical conditions;

u. Failure to properly brake and steer said motor vehicle;

v. Failure to operate said motor vehicle in a safe manner;

w. Disregarding the designated lanes of travel on the road;

x. Disregarding applicable traffic controls and/or signals;

y. Disregarding health conditions which may impact the ability to safely operate a motor vehicle;

z. Operating said motor vehicle without due regard to the traffic, use, width and purpose of the roadway;

aa. Causing said motor vehicle to come in contact with a motor vehicle;

bb. Failure to abide by policies and procedures regarding safe operation and maintenance of said motor vehicle;

cc. Failure to be properly qualified as an operator of a said motor vehicle of the kind operated by defendant; and,

dd. Causing injuries to plaintiff.

18. As a result of the accident aforementioned, plaintiff, Raecel Mackrola, sustained multiple injuries, including, but not limited to, cervical disc injury, cervical sprain and strain, lumbar disc injury, lumbar sprain and strain, lumbar radiculopathy, somatic dysfunction of cervical and lumbar spine, right shoulder sprain and strain, as well as other injuries to her head, neck, back, spine, torso and extremities, their bones, cells, tissues, discs, muscles, cartilage, nerves and functions; together with shock and injury to her nerves and nervous system, some or all of which plaintiff has been advised are or may be permanent in nature.

19. As a result of the aforesaid negligence, plaintiff has undergone great physical pain and mental anguish, and she will continue to endure the same for an indefinite time in the future, to her great detriment and loss.

20. As a result of the aforesaid negligence, plaintiff has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to effect a cure for the aforesaid injuries, and plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

21. As a result of the aforesaid negligence, plaintiff has suffered an injury which may be permanent, irreparable and severe.

22. As a result of the aforesaid negligence, plaintiff was unable to attend to her daily duties and occupation, thereby suffering a loss of earnings and/or impairment of earning capacity, which plaintiff may continue to suffer for an indefinite time in the future.

23. As a result of the aforesaid negligence, plaintiff has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which the plaintiff would have performed, not for income, but for the benefit of herself, if she had not been so grievously injured.

24. As a result of the aforesaid negligence, plaintiff has incurred associated incidental expenses for which defendants are liable.

WHEREFORE, plaintiff demands judgment against defendant in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

**COUNT II**
**PLAINTIFF VS. DEFENDANT, STATE FARM**
***Uninsured Motorist Claim***

25. Plaintiff incorporates the preceding paragraphs as if set forth at length herein.

26. At the time and place as aforesaid, the uninsured operator and the uninsured motor vehicle were “uninsured.”

27. Within the said policy of automobile insurance, by the terms of which defendant, State Farm, contracted to pay first party benefits on account of plaintiff’s injuries, including but not limited to Uninsured Motorist (hereinafter “UM”) benefits, to plaintiff for injuries arising from a motor vehicle accident involving an uninsured driver and uninsured motor vehicle.

28. Plaintiff timely placed defendant, State Farm, on notice for “UM” benefits after the subject motor vehicle crash.

29. Plaintiff properly complied with the terms and conditions of said policy to bring a claim for "UM" benefits under said policy.

30. The defendant, State Farm, policy of automobile insurance provided "UM" benefits with a total limit of no less than $50,000.00 per person.

31. Plaintiff is entitled to make a claim for Uninsured Motorist benefits with Defendant, State Farm, pursuant to said policy.

32. Plaintiff has demanded payment of Uninsured Motorist benefits from Defendant, State Farm.

33. Defendant, State Farm, is obligated to provide Uninsured Motorist benefits to plaintiff.

34. It is the duty and obligation of Defendant, State Farm, to pay Uninsured Motorist benefits to plaintiff.

35. Defendant, State Farm, is obligated to act in good faith when adjusting the subject Uninsured Motorist claims presented by plaintiff.

36. Defendant, State Farm, breach of its contractual obligations to plaintiff includes, *inter alia*, the following:

a. Vicarious liability for the actions/inactions of agents, servants and/or employees;
b. Failing to adjust plaintiff's claims;
c. Failing to properly adjust plaintiff's claims;
d. Failing to timely adjust plaintiff's claims;
e. Failing to objectively evaluate plaintiff's claims;
f. Failing to fairly evaluate plaintiff's claims;
g. Failing to timely evaluate plaintiff's claims;
h. Failing to reasonably investigate plaintiff's claims;
i. Failing to fairly negotiate plaintiff's claims;
j. Failing to timely negotiate plaintiff's claims.

WHEREFORE, plaintiff demands judgment against defendant in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

**WAPNER NEWMAN**

BY: ______________________________

**ROBERT S. MILLER, ESQUIRE**
**Identification No. 65854**
rmiller@wapnernewman.com
**STEVEN T. BRECHER, ESQUIRE**
**Identification No. 323111**
sbrecher@wapnernewman.com
1628 JFK Blvd., Suite 800
Philadelphia, PA 19103
Phone: (215)569-0900
Facsimile: (215)569-4621
Attorneys for Plaintiff